**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARILU MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 3546 |
| | ) | |
| v. | ) | Judge: Rebecca Pallmeyer |
| | ) | Magistrate Judge: Valdez |
| THOMAS J. DART, SHERIFF OF COOK COUNTY and COOK COUNTY ILLINOIS, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, THOMAS DART, SHERIFF OF COOK COUNTY, and through his attorney ANITA ALVAREZ, State's Attorney of Cook County, by her assistant, Assistant State's Attorney PATRICK SMITH, and moves this Honorable Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' Complaint for failure to state a claim for which relief can be granted. In support of this motion the Defendant states as follows:

**I.   INTRODUCTION**

On June 12, 2009, the Plaintiff, Marilu Morales, filed her Complaint ("Pl. Comp.") under 42 U.S.C. § 1983. The Plaintiff has brought this action against Thomas Dart in his official and individual capacities. However, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff has failed to state a claim against Thomas Dart in his individual capacity. The Plaintiff has merely alleged that the Defendant had policies and procedures in place that caused the alleged constitutional deprivations to the Plaintiff, not that the Defendant was

personally involved in the alleged constitutional deprivations. Therefore, the claims against Thomas Dart in his individual capacity should be dismissed.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. The Supreme Court reaffirmed the "liberal system of notice pleading" in civil rights actions brought under 42 U.S.C. § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 113 S. Ct. 1160, 1161 (1993). However, a court is not required to "'ignore any facts set forth in the complaint that undermine the plaintiff's claim...'". *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990), *quoting Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Moreover, a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois St. Bd. of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977). A plaintiff may not avoid dismissal by attaching bare legal conclusions to narrated facts that fail to outline the basis of his claims. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).

## III.     PLAINTIFF'S ALLEGATIONS/STATEMENT OF FACTS

Plaintiff's Complaint alleges the following:

Plaintiff was admitted to Division Three of the Cook County Jail as a pre-trial detainee on or about April 09, 2008. Plaintiff was eight months pregnant when she was admitted to the jail. (Pl. comp. ¶ 10). Plaintiff claims she went into labor during the evening of April 11, 2008 and, while in labor, was transported by ambulance to Stroger Hospital. (Pl. comp. ¶ 11). Plaintiff allegedly remained in labor for about four hours before giving birth. (Pl. Comp. ¶ 16). Plaintiff claims she remained shackled for the entirety of her labor until, shortly before she delivered her child, one of the attending physicians ordered the Deputy Sheriff to remove the

shackles. (Pl. Comp. ¶ 16). Allegedly, immediately following delivery of the child, the Deputy Sheriff shackled plaintiff to a chair in the labor and delivery room. (Pl. Comp. ¶ 17). Plaintiff claims she remained shackled to the chair for about two hours until she was transferred to a hospital room. (Pl. Comp. ¶ 17). Plaintiff remained at Stroger Hospital for two days after she gave birth. As required by defendant Dart's "shackling policy," plaintiff was shackled hand and foot throughout her hospital stay. (Pl. Comp. ¶ 18).

## IV. <u>ARGUMENT</u>

### PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANTS THOMAS DART IN HIS INDIVIDUAL CAPACITY

The Plaintiff filed a complaint bringing a suit against Thomas Dart in his official and individual capacities. The Plaintiff has failed to state a cause of action against the Defendant in his individual capacity in that the Plaintiff only alleges that the Defendant's policies and practices caused the alleged constitutional violations to the Plaintiff. While the Plaintiff has stated a claim against the Defendant in his official capacity, she has not done so in Defendant's individual capacity.

In order for the Plaintiff to state a cause of action against the Defendants under 42 U.S.C. § 1983, she must allege that the Defendant caused or participated in the alleged constitutional deprivation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Therefore, the Defendant can only be held liable in his individual capacity if, by his own conduct, he caused or participated in the alleged constitutional violations. *Armstrong v. Squadrito*, 152 F.3d 564, 581(7th Cir. 1998), <u>citing</u> *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985), <u>cert</u>. <u>denied</u>, 419 U.S. 816 (1986).

It is well settled that that mere supervisory status does not create liability in section 1983 action. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). The Plaintiff must allege facts

3

demonstrating the supervisor's personal involvement in the unconstitutional activities of his subordinates; at a minimum, the Plaintiff must allege the Defendants' knowledge and consent to the subordinate's actions. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Vicarious liability is insufficient to hold an employer or supervisor responsible merely because of his position. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692, 90 S. Ct. 2018, 2036 (1978). Liability under Section 1983 must be premised on a personal involvement in the deprivation of the constitutional right, not vicarious liability, "…a 'person' should not be liable on respondeat superior grounds, but only when he or she has personally engaged in a violation of the act…", *Davis v. Zirkelbach,* 149 F.3d 614, 619 (7th Cir. 1998).

*Twombly* has long been a leading Supreme Court case providing guidance to the lower courts in regard to decisions on motions to dismiss. *See Twombly v. Bell Atl. Corp*., 548 U.S. 903 (2006)**.** Recently the Supreme Court returned to *Twombly* in the case of *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2008), finding that two principals underlie the holding in *Twombly*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, 'we are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" – "that the pleader is entitled to relief."

*Id*. at 1949-1950 [internal citations omitted].

Applying the above mentioned precedent to the present case, the Plaintiff has failed to allege an affirmative link between the alleged constitutional violations and Defendant Thomas Dart. Rather, it is clear that Thomas Dart has been sued based on his position as a high-ranking official. Plaintiff failed to plead how Thomas Dart was personally aware of the Plaintiff's condition and that she needed help from shackling. In Plaintiff's Complaint Plaintiff only alleges that the Defendant had policies and practices in place that made Defendant deliberately indifferent to Plaintiff's medical condition which would indicate an official capacity claim pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692, 90 S. Ct. 2018, 2036 (1978). (Pl. Comp. ¶ 4, 8-9, 12, 19). There are no allegations that Thomas Dart had knowledge of the Plaintiff's medical condition or that they personally shackled her during labor. As stated, the Plaintiff cannot merely state the chain of command and rely on a theory of *respondeat superior* to state a section 1983 cause of action. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 383 (7th Cir. 1988) citing *Duckworth*, 780 F.2d at 650.

The Plaintiff has merely placed the name of Thomas Dart in the caption of the complaint and stated in conclusory fashion that he is liable for the Plaintiff's alleged injuries. The Plaintiff's failure to support this claim with allegations concerning Defendant Thomas Dart's personal involvement in the alleged deprivations forms the basis for dismissal of this action against Defendant Thomas Dart in his individual capacity. Therefore, all claims by the Plaintiff against Defendant Thomas Dart in his individual capacity should be dismissed.

### V.    CONCLUSION

Based upon the foregoing, the complaint against Defendant Thomas Dart in his individual capacity should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted

Dated: August 21, 2009

                        Respectfully Submitted,

                        ANITA ALVAREZ
                        State's Attorney of Cook County

By:   /s/ Patrick S. Smith
       Patrick S. Smith
       Deputy Supervisor
       Assistant State's Attorney
       Torts/Civil Rights Litigation Section
       500 Richard J. Daley Center
       Chicago, Il 60602
       (312) 603-2388