IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marilu Morales, ) | |
| ) | |
| *Plaintiff,* ) | |
| -*vs*- ) | No. 09 CV 3546 |
| ) | |
| Thomas J. Dart, Sheriff of Cook ) | *(Judge Kennelly)* |
| County, and Cook County, Illinois ) | |
| ) | |
| *Defendants.* ) | |

## AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff files this amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff Marilu Morales is a female resident of the Northern District of Illinois.

3. Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4. At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5. Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a. Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b. A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c. A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times

relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

    a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

    b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

9. Defendant Dart has been personally involved in maintaining his shackling policy and has made the public pronouncement that "Anytime a detainee is taken outside the jail for medical treatment, he or she becomes an immediate escape risk."

10. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

11. Plaintiff was admitted to Division Three of the Cook County Jail as a pre-trial detainee on or about April 9, 2008. Plaintiff was eight months pregnant when she was admitted to the jail.

12. Plaintiff went into labor during the evening of April 11, 2008 and, while in active labor, was transported by ambulance to Stroger Hospital.

13. As required by defendant Dart's "shackling policy," plaintiff was shackled by hand and foot and secured by a chain around her waist while in the ambulance.

14. Plaintiff was placed into a labor and delivery room upon her arrival at Stroger Hospital.

15. Plaintiff was met at the labor and delivery room by an armed Deputy Sheriff who, as required by defendant Dart's "shackling policy," shackled plaintiff by hand and foot to the hospital bed. The armed Deputy Sheriff remained in the hospital room.

16. Shortly after plaintiff has been shackled in the labor and delivery room, and while plaintiff was in active labor, one of the attending physicians requested the Deputy Sheriff to remove the shackles from plaintiff. The Deputy Sheriff refused, explaining that defendant Dart's policy required that shackles stay on.

17. Plaintiff remained in labor for about four hours before giving birth. Plaintiff remained shackled for the entirety of her labor until, shortly before she delivered her child, one of the attending physicians ordered the Deputy Sheriff to remove the shackles.

18. Immediately following delivery of the child, the Deputy Sheriff shackled plaintiff to a chair in the labor and delivery room. Plainitff remained shackled to the chair for about two hours until she was transferred to a hospital room.

19. Plaintiff remained at Stroger Hospital for two days after she gave birth. As required by defendant Dart's "shackling policy," plaintiff was shackled by hand and foot throughout her hospital stay.

20. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, incurred bruising to her wrist and foot, subjected to punishment, incurred great emotional and physical pain and suffering.

21. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900


/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick S. Smith, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

------------------------

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)