IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Marilu Morales, | ) | |
|     *Plaintiff*, | ) ) | |
|     -*vs*- | ) ) | No. 09 C 3546 |
| Thomas J. Dart, Sheriff of Cook County and Cook County Illinois, | ) ) ) | *Judge Kennelly* |
|     *Defendants.* | ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and THE COUNTY OF COOK, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and, answer Plaintiff's Amended Complaint as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

    ANSWER: Defendants **admit** the allegations contained in paragraph one.

2. Plaintiff Marilu Morales is a female resident of the Northern District of Illinois.

    ANSWER: Defendants **admit** the allegation contained in paragraph two.

3. Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

    ANSWER: Defendants **admit** the allegations contained in paragraph three.

4. At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

ANSWER: Defendants **deny** the allegations contained in paragraph four.

5. Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

a. Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

b. A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

c. A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

ANSWER: Defendants **deny** the allegations contained in paragraph five.

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no

2

> handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

ANSWER: Defendants **deny** the allegations contained in paragraph six.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

    a.    Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

    b.    Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

ANSWER: Defendants **deny** the allegations contained in paragraph seven.

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

ANSWER: Defendants **deny** the allegations contained in paragraph eight.

9. Defendant Dart has been personally involved in maintaining his shackling policy and has made the public pronouncement that "Anytime a detainee is taken outside the jail for medical treatment, he or she becomes an immediate escape risk."

ANSWER: Defendants **deny** the allegations contained in paragraph nine.

10. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

ANSWER: Defendants **deny** the allegations contained in paragraph ten.

11. Plaintiff was admitted to Division Three of the Cook County Jail as a pre-trial detainee on or about April 9, 2008. Plaintiff was eight months pregnant when she was admitted to the jail.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven.

12. Plaintiff went into labor during the evening of April 11, 2008 and, while in active labor, was transported by ambulance to Stroger Hospital.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

13. As required by defendant Dart's "shackling policy," plaintiff was shackled by hand and foot and secured by a chain around her waist while in the ambulance.

ANSWER: Defendants **deny** the allegations contained in paragraph thirteen.

14. Plaintiff was placed into a labor and delivery room upon her arrival at Stroger Hospital.

ANSWER: Defendants **admit** the allegations contained in paragraph fourteen.

15. Plaintiff was met at the labor and delivery room by an armed Deputy Sheriff who, as required by defendant Dart's "shackling policy," shackled plaintiff by hand and foot to the hospital bed. The armed Deputy Sheriff remained in the hospital room.

ANSWER: Defendants **deny** the allegations contained in paragraph fifteen.

16. Shortly after plaintiff has been shackled in the labor and delivery room, and while plaintiff was in active labor, one of the attending physicians requested the Deputy Sheriff to remove the shackles from plaintiff. The Deputy Sheriff refused, explaining that defendant Dart's policy required that shackles stay on.

ANSWER: Defendants **deny** the allegations contained in paragraph sixteen.

17. Plaintiff remained in labor for about four hours before giving birth. Plaintiff remained shackled for the entirety of her labor until, shortly before she delivered her child, one of the attending physicians ordered the Deputy Sheriff to remove the shackles.

ANSWER: Defendants **deny** the allegations contained in paragraph seventeen.

18. Immediately following delivery of the child, the Deputy Sheriff shackled plaintiff to a chair in the labor and delivery room. Plaintiff remained shackled to the chair for about two hours until she was transferred to a hospital room.

ANSWER: Defendants **deny** the allegations contained in paragraph eighteen.

19. Plaintiff remained at Stroger Hospital for two days after she gave birth. As required by defendant Dart's "shackling policy," plaintiff was shackled by hand and foot throughout her hospital stay.

ANSWER: Defendants **deny** the allegations contained in paragraph nineteen.

20. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, incurred bruising to her wrist and foot, subjected to punishment, incurred great emotional and physical pain and suffering.

ANSWER: Defendants **deny** the allegations contained in paragraph twenty.

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and THE COUNTY OF COOK, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and plead the following:

1. The Plaintiff has failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

## **JURY DEMAND**

Defendants respectfully demand trial by jury.

**WHEREFORE,** based upon the foregoing, Defendants THOMAS J. DART, SHERIFF OF COOK COUNTY and THE COUNTY OF COOK, respectfully request that this Honorable Court grant judgment in their favor and against the Plaintiff on all aspects of her Complaint and further request that this Honorable Court grant them fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
COOK COUNTY STATE'S ATTORNEY

By:   /s/ Patrick S. Smith
      Patrick S. Smith
      Deputy Supervisor, State's Attorney
      Torts/Civil Rights Litigation Unit
      500 Richard J. Daley Center
      Chicago, IL 60602
      (312) 603-2388