**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARILU MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09-cv-3546 |
| | ) | |
| v. | ) | Judge: Matthew F. Kennelly |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY and COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO QUASH NOTICE OF DEPOSITION, AND FOR A PROTECTIVE ORDER BARRING DEPOSITION, OF DEFENDANT THOMAS J. DART**

NOW COMES DEFENDANT, THOMAS J. DART, Sheriff of Cook County, through his attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and moves to quash the notice of his deposition and for a protective order barring said deposition in this matter.

## I. INTRODUCTION

The matter before this Honorable Court is a case which arises out of the alleged shackling of Plaintiff, a pregnant inmate, during her period of delivery while at Stroger Hospital. The only relief sought is monetary. The complaint names Thomas J. Dart and the County of Cook as defendants. Thomas J. Dart is the current, duly elected Sheriff of Cook County. This case alleges that certain policies (a.k.a. "general orders") and procedures of the Cook County Department of Corrections (CCDOC) violate Illinois statute and 42 U.S.C. § 1983.

On October 1, 2009, Plaintiff served upon Defendant Dart a Notice of Deposition. Plaintiff's request to depose Defendant Cook County Sheriff Thomas Dart is substantially the same as the plaintiff's request to depose Dart in the related action *Bryant v. Sheriff of Cook County*, 09-cv-1546

1

(N.D. Ill. Filed Mar. 11, 2009) (Gottschall, J.), Doc. 23 (Filed Sep. 4, 2009).  Plaintiff Bryant in that action and Plaintiff Morales here are represented by the same attorneys and raise identical claims relating to alleged shackling of inmates during the birthing process.  Judge Gottschall denied Bryant's request.  *Id.*, Doc. 25 (Minute Entry) (Filed Sep. 10, 2009).  Now her attorneys make the same request of this Court.

## II. ARGUMENT

The notice of deposition should be quashed and a protective order barring the deposition should issue because the Plaintiff is unable to demonstrate that: (1) the deposition is necessary in order to obtain **relevant information that cannot be obtained from any other source** and (2) the deposition would not significantly interfere the with ability of the official to perform his governmental duties.  *Marisol A. v. Guiliani,* 1998 U.S. Dist. LEXIS 3719, *6-7 (S.D.N.Y. 1998) (emphasis added).  Moreover, Plaintiff is required to show a "real need" for a high ranking government official's testimony before he is taken away from his work to spend time answering a lawyer's questions.  *See Olivieri v. Rodriguez,* 122 F.3d 406, 409 (7th Cir. 1997).  Plaintiff is unable to show that the information he is seeking is not available from depositions of other persons, or that it cannot be obtained through interrogatories or other discovery devices.  *See e.g.*, *Olivieri*, 122 F.3d at 410; *Chicago Reader Inc. v. Sheahan*, 192 F.R.D. 586, *3 (N.D. Ill. 2000) (Moran, J.).

It is well-settled that high ranking governmental officials should not be subject to deposition unless the testimony sought will lead to admissible evidence relevant to the disposition of the case.  *Olivieri,* 122 F.3d at 409-10.  This standard arises out of well-placed concern that busy officials should not be prevented from attending to their official duties by having to spend their time giving depositions in cases arising out of the performance of their official duties when that information is

2

readily available through another source or via a less intrusive method of discovery.  *See, id.*  In addition, adherence to these principles is necessary to relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision-making.  *See, United States v. Morgan,* 313 U.S. 409, 422 (1941).

Thomas Dart is the elected sheriff of a county that is home to 5.3 million residents and the nation's third-largest city.  The Sheriff of Cook County has the principal responsibility for protecting people and property and providing general services, such as patrolling hundreds of miles of County highways, throughout Chicago, its suburbs, and the unincorporated areas of the County.  Dart oversees the second-largest sheriff's department in the nation and employs a staff of over 6,800. Sherriff Dart is an independently elected officer who answers to the electorate and is, therefore, not just a Cook County employee, but actually a County officer.  *Moy v. County of Cook*, 159 Ill. 2d 519, 640 N.E.2d 926, 931 (1994); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989).

Sheriff Dart, in attending to the affairs of the County of Cook, qualifies as a busy and high-level government official.  As such, he should not be required to spend his time giving depositions in cases arising out of the performance of his official duties where the testimony sought is easily obtained from other sources and/or via less-burdensome means.  *See Olivieri v. Rodriguez,* 122 F.3d 406, 409-10 (7th Cir. 1997).

Before demanding that Sheriff Dart submit to a deposition, Plaintiff must show the Court "some reason to believe that the deposition . . . will lead to or produce admissible evidence in [this case]."  *Cannon v. Burge*, 05-cv-2192, 2007 U.S. Dist. LEXIS 60788, *16 (N.D. Ill. Aug. 20, 2007) (St. Eve, J.) (citing *Olivieri*, 122 F.3d at 410).

In the alternative, a less intrusive method of discovery to determine whether Sheriff Dart has any relevant, admissible knowledge should be employed before he is required to sit for a deposition. The method invoked by the District Court pursuant to Fed. R. Civ. P. 26(c)(3), and approved by the Seventh Circuit, in *Olivieri* should be followed in this case.  *See*, 122 F.3d at 410 ("Deposing the superintendent was not necessary in order to get an answer under oath to this simple question; a written interrogatory would do just as well.").  If this Court is not inclined to bar the deposition request outright, then Plaintiff should be required to first issue interrogatories to determine whether Sheriff Dart has any relevant and admissible information.  After such interrogatories, Plaintiff should then be required to make a showing to this Court demonstrating that there is a "real need" for the deposition.  *Id*. at 409.

### III.  CONCLUSION

**WHEREFORE**, based upon the foregoing, Defendant, Thomas Dart, Sheriff of Cook County, requests that this Court enter an order quashing the notice of deposition and issue a protective order barring his deposition in this case.  In the alternative, Sheriff Dart requests that Plaintiff be required to issue interrogatories designed to test whether Sheriff Dart has any relevant and admissible information before he be required to sit for a deposition.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:    /s/ Patrick S. Smith
       Patrick S. Smith
       Deputy Supervisor
       Torts/Civil Rights Litigation Section
       500 Richard J. Daley Center
       Chicago, Il 60602
       (312) 603-2388

4