IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARILU MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 cv 3546 |
| v. | ) | |
| | ) | Judge:  Matthew F. Kennelly |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY and COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION IN LIMINE  #1 TO BAR PLAINTIFF FROM CALLING
SHERIFF THOMAS DART AS A WITNESS**

NOW COME the Defendants, THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by and through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorneys, Patrick Smith and Maureen O. Hannon, and move this Court to bar the Plaintiff from calling Defendant Thomas J. Dart, Sheriff of Cook County, at trial and for a protective order barring a subpoena *ad testificandum* for his testimony in this case.

**I. INTRODUCTION**

The matter before this Honorable Court arises out of the alleged restraining of Plaintiff, a pregnant inmate, during her period of delivery while at Stroger Hospital.  The only relief sought is monetary.  The complaint names Thomas J. Dart and the County of Cook as defendants. Thomas J. Dart is the current, duly elected Sheriff of Cook County.  This case alleges that the the manner in which the policy of the Cook County Department of Corrections (CCDOC) was applied to restrain  the Plaintiff  who left the premises for labor and delivery of a child at Stroger hospital sets forth a cause of action under  42 U.S.C. § 1983.

Plaintiff's draft pretrial order indicates that she "will call" Sheriff Thomas J. Dart as a

witness. Defendants now move this Court to order that Plaintiff be barred from calling Sheriff Dart as a witness. Earlier in this case, this Court granted Defendants' motion to quash a notice of deposition of Sheriff Dart and issue a protective order barring his deposition. [Dkt. 22; 24.] The facts and legal basis underlying that prior motion have not changed.

## II. ARGUMENT

"The policy considerations underlying witness immunity for testimony in open court apply with equal force to other forms of testimony such as depositions and affidavits." *Giffin v. Summerlin*, 78 F.3d 1227, 1231 (7th Cir. 1996). "In general, high ranking government officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge. The immunity is warranted because such officials must be allowed the freedom to perform their tasks without the constant interference of the discovery process." *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wisc. 1994) (citing *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993)); *see Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999).

Plaintiff should not be permitted to subpoena or call Sheriff Dart as a witness because the Plaintiff is unable to demonstrate that: (1) his testimony is necessary in order to obtain relevant information that cannot be obtained from any other source, (2) there is nothing in the discovery to support the position that the plaintiff had any interaction with Sheriff Dart; and (3) the testimony would not significantly interfere with his ability to perform his official governmental duties. *United States v. Menominee Tribal Enters.*, 2008 U.S. Dist. LEXIS 64607, *37-38 (E.D. Wisc. June 2, 2008); *see, e.g.*, *Marisol A. v. Guiliani,* 1998 U.S. Dist. LEXIS 3719, *6-7 (S.D.N.Y. Mar. 23, 1998) (quashing deposition of New York City's mayor), and (4) Plaintiff did not avail itself of the opportunity to propound interrogatories of some other less drastic discovery mechanism on defendant Sheriff during the discovery phase of this litigation.

Plaintiff is required to show a "real need" for a high ranking government official's testimony before he is taken away from his work to spend time answering a lawyer's questions. *See Olivieri v. Rodriguez,* 122 F.3d 406, 409 (7th Cir. 1997). Plaintiff has not shown that the information she is seeking is not available from other persons, or that it could not have been obtained through interrogatories or other less-intrusive discovery devices. *See e.g.*, *Olivieri*, 122 F.3d at 410; *Chicago Reader Inc. v. Sheahan*, 192 F.R.D. 586, *3 (N.D. Ill. 2000) (Moran, J.).

It is well-settled that high ranking governmental officials should not be subject to subpoena unless the testimony sought will lead to admissible evidence relevant to the disposition of the case. *Olivieri,* 122 F.3d at 409-10. This standard arises out of the well-placed concern that busy officials should not be taken away from their official duties by having to spend their time giving depositions in cases arising out of the performance of their official duties when that information is readily available through another source or via a less-intrusive method of discovery. *See*, *id*. In addition, adherence to these principles is necessary to relieve agency decision makers from the burdensomeness of testifying, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision-making. *See, United States v. Morgan,* 313 U.S. 409, 422 (1941).

Thomas Dart is the elected sheriff of a county that is home to 5.3 million residents and the nation's third-largest city. The Sheriff of Cook County has the principal responsibility for protecting people and property and providing general services, such as patrolling hundreds of miles of County highways, throughout Chicago, its suburbs, and the unincorporated areas of the County. Dart oversees the second-largest sheriff's department in the nation and employs a staff of over 6,800. Sherriff Dart is an independently elected official who answers to the electorate and is, thus, not a Cook County employee, but a County officer. *Moy v. County of Cook*, 159 Ill.

2d 519, 640 N.E.2d 926, 931 (1994); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989).

Sheriff Dart, in attending to the affairs of the County of Cook, qualifies as a busy and high-level government official. As such, he should not be required to spend his time testifying in cases arising out of the performance of his official duties where the evidence sought is easily obtained from other sources or via less-burdensome means. *See Olivieri v. Rodriguez,* 122 F.3d 406, 409-10 (7th Cir. 1997). Before demanding that Sheriff Dart testify, Plaintiff must show the Court "some reason to believe" that the testimony "will lead to or produce admissible evidence in [this case]." *Cannon v. Burge*, 05-cv-2192, 2007 U.S. Dist. LEXIS 60788, *16 (N.D. Ill. Aug. 20, 2007) (St. Eve, J.) (citing *Olivieri*, 122 F.3d at 410). Plaintiff has made no such showing.

Furthermore, in Defendants' motion to prevent the deposition of Sheriff Dart, [Dkt. 22], Defendants suggested that Plaintiff could issue written interrogatories to Dart to determine whether he possessed any relevant, unique, and admissible information. That motion was filed before this Court on November 13, 2009 and was granted on November 18, 2009. Plaintiff has never issued any written interrogatories to any defense witness or to Sheriff Dart in this case.

Even if Sheriff Dart has relevant, unique, and admissible knowledge, Plaintiff forfeited any right she had to call him as a witness when she failed to use available discovery tactics to learn of that information to then provide justification for calling Sheriff Dart to testify at trial.

### III.  CONCLUSION

**WHEREFORE**, based upon the foregoing, Defendant, Thomas Dart, Sheriff of Cook County, requests that this Court enter an order barring Plaintiff from calling or subpoenaing Defendant Thomas J. Dart to testify in this case.  In the alternative, Sheriff Dart requests that Plaintiff be required to issue interrogatories designed to test whether Sheriff Dart has any relevant, unique, and admissible information before he be required to testify.

    Respectfully Submitted,

    ANITA ALVAREZ
    State's Attorney of Cook County
By:   /s/ Maureen O. Hannon
    Assistant State's Attorney
    Conflicts Counsel Unit
    69 W. Washington, 20th floor
    Chicago, Illinois 60602
    (312) 603-1424