**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARILU MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 cv 3546 |
| | ) | |
| v. | ) | Judge: Matthew F. Kennelly |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY and COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION IN LIMINE #2 TO EXCLUDE TESTIMONY OF SIMONE JACKSON

NOW COME DEFENDANTS, THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorneys Patrick Smith and Maureen O. Hannon, and move this Court to exclude the testimony at trial of Simone Jackson.

### I. INTRODUCTION

Plaintiff Morales's cause of action alleges that, while pregnant and in the custody of the Cook County Sheriff's Office, she was restrained during the labor and birthing process in violation of her constitutional rights. Plaintiff's counsel are also the prospective lead counsel for a class of women who assert similar claims, namely that the Sheriff's Office restrained them while they were in labor, while they delivered their babies, or both.[1] Currently the cases are each proceeding independently.

Although Plaintiff Morales has decided to opt-out of the proposed class, assuming it becomes

---

[1] The lead case for the prospective class action is *Zaborowski v. Sheriff*, 08cv6946 (N.D. Ill. Pending) (Judge St. Eve). Class certification in *Zaborowski* has, so far, been denied by Judge St. Eve and the Seventh Circuit. *See Zaborowski*, Doc. 58 (Judge St. Eve's order denying class certification); *Zaborowski*, Doc. 65 (Seventh Circuit order denying petition to appeal Judge St. Eve' order); *Zaborowski*, Docs. 71, 74 (Judge St. Eve's orders denying a second, insufficient motion for class certification).

certified in the future, Plaintiff's counsel have indicated that they intend to call at least one of the proposed class's lead plaintiffs as a witness in this case. The expected witness, as named in the Plaintiff's draft pretrial order, is Simone Jackson.[2] Defendants now move to bar her testimony under Federal Rules of Evidence 402 and 403 at this trial.

## II. ARGUMENT

**A.    The testimony of Simone Jackson is not relevant to the contested issues in this case.**

"Evidence which is not relevant is not admissible." FRE 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401.

This case centers on one woman's alleged interactions with employees of the Cook County Sheriff's Office while she was pregnant and in their custody. Her injuries, if any, are solely of a personal nature. While eyewitness and medical testimony would be relevant (to determine when, and to what extent, Plaintiff Morales was restrained, and what injuries she may have suffered as a result), the testimony of a woman who was not present for the incidents Plaintiff Morales complains of will not assist in the determination of any contested, material facts. To the best of Defendants' knowledge, this witness has never met Plaintiff Morales.

Defendants admit that there was a policy in place during the relevant time-period that required or permitted pregnant detainees at a hospital to be restrained in some fashion up until "active labor" began. The determination of whether a given woman is in "active labor" is a highly individualistic medical question. Thus, testimony by another woman, who is not a doctor and who

---

[2]    Simone Jackson and Catherine Zaborowski are the named plaintiffs in *Zaborowski v. Sheriff*, 08cv6946.

did not examine the Plaintiff on the day in question, would not be relevant to determining whether Plaintiff Morales was restrained during "active labor."

Furthermore, testimony by the challenged witness would be irrelevant to damages because there is already ample evidence available (in the form of medical records and eyewitness testimony) to help the jury determine what injuries and emotional harm (if any) were suffered by the Plaintiff. Testimony by a witness who was restrained by different officers while undergoing a unique medical experience will not provide any relevant information as to what happened to Plaintiff Morales.

**B.     The probative value of Simone Jackson's testimony is substantially outweighed by considerations of unfair prejudice, confusion of the issues, and misleading the jury.**

The Federal rules provide, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

**C.`     Unfair Prejudice**

By calling a potentially sympathetic witness, who is also an alleged victim of the Sheriff's policies and who has no new information to offer, Plaintiff's counsel seek to prejudice the jury against Defendants. Bringing an additional claimant before a single jury (when the claimant, if she deserves relief, will be compensated by her own, separate lawsuit) will only compound the apparent harm done by Defendants and will tend to lead the jury to over-compensate Plaintiff Morales by also including relief for the witness in the final award.

The prejudice Defendants would suffer from this presentment of a duplicative plaintiff would substantially outweigh the minimal probative value of her testimony. By calling on the jury to base

their verdict on potential sympathy for another woman who had to give birth while in custody rather than on reason and the evidence relating to the single Plaintiff before them, Plaintiff seeks to multiply the damages that would otherwise be due to Plaintiff Morales.

### D.    Confusion of the Issues

The jury in this case will need to decide whether the Morales' constitutional rights were violated and if so what amount of money damages is owed. By presenting a potentially sympathetic, but unrelated, witness, the jury may confuse the issues of damages and liability. Damages may only be awarded if liability is properly found. The challenged witness has no information to offer on the issue of liability; at best she can testify about the injuries and emotional pain she suffered during her similar experience. But this testimony is likely to boost the damages awarded and may encourage the jury to find liability solely so that the greater damages can be given.

### E.    Misleading the Jury

Although the jury will, no doubt, be instructed that there is only a single plaintiff before them, the presentation of another, similarly situated witness, who is represented by the same counsel as Plaintiff Morales, will muddy the waters. The jury may be misled into awarding excessive damages, conflating damages and liability, or into mixing the evidence of the Plaintiff and the challenged witness.

The determination of liability and damages requires highly fact-specific inquiry into the Plaintiff's experiences. Presenting another similar, but not identical, story will tend to blur the fact pattern and is likely to result in facts that do not apply to Plaintiff's situation being attributed to her anyway. The probability of misleading the jury substantially outweighs the miniscule probative value of the challenged testimony.

**F.      Create a Mini- trial Within a Trial**

If Ms. Jackson is permitted to testify about her birthing experience, in order to protect the rights of the defendants and to present the full facts of what transpired when labor and delivery occurred, the defendants will need to call the officers and medical personnel who tended to the witness in order to impeach, contextualize, or minimize her claims.  The only way for Defendants to effectively prevent the jury from applying undue weight to the challenged testimony will be to enter into detailed, individualized examination of the witness's experience.  The resulting mini-trial will lengthen this trial substantially as Defendants will need to call the same variety of rebuttal witnesses for the challenged witness as they intend to call against the Plaintiff.

**G.      Needless Presentation of Cumulative Evidence**

There is not dispute that in April 2008, pregnant detainees in the Sheriff's custody were restrained in some way unless they were in active labor.  The presentation of another witness who has differing, unique damages relating to her similar restraint will be needlessly cumulative because any relevant and otherwise admissible evidence she provides will completely overlap with the testimony of the Plaintiff, who must necessarily testify to support her case.

5

### III.  CONCLUSION

**WHEREFORE**, based upon the foregoing, Defendants Thomas Dart, Sheriff of Cook County, and Cook County Illinois request that this Court enter an order barring the testimony of Simone Jackson in this case.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:   /s/ Maureen O. Hannon
Maureen O. Hannon
Assistant State's Attorney
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Illinois 60602
(312) 603-1424