IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARILU MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 cv 3546 |
| v. | ) | |
| | ) | Judge: Matthew F. Kennelly |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY and COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION IN LIMINE #3 TO BAR ANY REFERENCE
AT TRIAL TO STATE LAW 55 ILCS 5/3-15003.6**

NOW COME the Defendants, THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by and through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorneys, Patrick Smith and Maureen O. Hannon, and move this Court for an order *In Limine* barring the reference to the Illinois Statute, 55 ILCS 5/3-15003.6 at the trial in this case.

**I. INTRODUCTION**

The matter before this Honorable Court arises out of the alleged restraining of Plaintiff, a pregnant inmate, during her period of delivery while at Stroger Hospital. The only relief sought is monetary. The complaint names Thomas J. Dart and the County of Cook as defendants. Thomas J. Dart is the current, duly elected Sheriff of Cook County. This case alleges that the manner in which the policy of the Cook County Department of Corrections (CCDOC) was applied to restrain the Plaintiff who left the premises for labor and delivery of a child at Stroger hospital sets forth a cause of action under 42 U.S.C. § 1983.

Plaintiff's Amended Complaint references a section of the Illinois Compiled Statutes pertaining to pregnant female prisoners, 55 ILCS 5.3-15003.6. [Dkt 17 ¶ 6]. Because the nature

1

of this suit is a violation of the constitutional rights of Plaintiff pursuant to 42 U.S.C § 1983, whether the actions at issue are inconsistent with state law is irrelevant and would be too prejudicial and confusing to the jury. (*Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) "42 U.S.C 1983 protects Plaintiffs from constitutional violation not violations of state laws or departmental regulations and policies.") The potential violation of state statute should not be referenced by the Plaintiff at trial pursuant to Federal Rules of Civil Procedure 401, 402, and 403.

## II. ARGUMENT

The existence of a state statute regarding restraint of inmates who are in labor should be barred from the trial. Even if plaintiff were correct and could establish that the actions of the employees in the Sheriff's office on the day the Plaintiff was in labor were in violation of the state statute, the violation of state law is not itself a violation of the constitution and therefore would not be relevant to the issues at trial. *See e.g. Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) *Pro-Eco v. Board of Commissioners of Jay County*, 57 F.3d 505, 514 (7th Cir. 1995)(recognizing that "section 1983 affords relief only if the Constitution is offended, and a violation of a state procedural statute does not offend it.") See also *Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002) (holding that the failure to comply with procedural rules for conducting administrative hearings as provided by statute does not provide a sufficient "basis on which to state a federal due process claim.")

Federal Rule of Evidence 402 prohibits introduction of irrelevant evidence. Because establishing a potential violation of section 55 ILCS 5/3-15003.6 pertaining to pregnant female prisoners will not make the allegations of a constitutional violation more likely than not, the allegations that the state statute exists is not relevant. Moreover, the mention of the statute is

likely to increase the potential prejudice to the defendants. That is the jury may think that because the statute existed and may have been violated, that they must find a constitutional right was violated. Based on the potential prejudice, the information should be excluded from the jury pursuant to FRE 403.

### III. CONCLUSION

**WHEREFORE**, based upon the foregoing, Defendant, Thomas Dart, Sheriff of Cook County, requests that this Court enter an order barring Plaintiff from referencing the state statute, 55 ILCS 5/3-15003.6 during the statements to the jury or at any point during the trial of this matter.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:   /s/ Maureen O. Hannon
Assistant State's Attorney
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Illinois 60602
(312) 603-1424