IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARILU MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 cv 3546 |
| v. | ) | |
| | ) | Judge: Matthew F. Kennelly |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY and COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION IN LIMINE #4 TO BAR ANY REFERENCE
AT TRIAL TO FEDERAL CONVENTIONS OR TREATIES**

NOW COME the Defendants, THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by and through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorneys, Patrick Smith and Maureen O. Hannon, and move this Court for an order *In Limine* barring the reference to the "Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment," and/or the "International Covenant on Civil and Political Rights" at the trial in this case.

**I. INTRODUCTION**

The matter before this Honorable Court arises out of the alleged restraining of Plaintiff, a pregnant inmate, during her period of delivery while at Stroger Hospital. The only relief sought is monetary. The complaint names Thomas J. Dart and the County of Cook as defendants. Thomas J. Dart is the current, duly elected Sheriff of Cook County. This case alleges that the manner in which the policy of the Cook County Department of Corrections (CCDOC) was applied to restrain the Plaintiff who left the premises for labor and delivery of a child at Stroger hospital sets forth a cause of action under 42 U.S.C. § 1983.

Plaintiff's Amended Complaint references two treaties ratified by the United States back in 1992 and 1994. [Dkt 17 ¶ 7]. Because the nature of this suit is a violation of the constitutional rights of Plaintiff pursuant to 42 U.S.C § 1983, whether the actions at issue are in violation of those national treaties is irrelevant and would be too prejudicial and confusing to the jury. ( See e.g. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) "42 U.S.C 1983 protects Plaintiffs from constitutional violation not violations of state laws or departmental regulations and policies.") Neither one of the treaties referenced in the Amended Complaint cite the actually language of the treaty that was allegedly violated and, critically, neither one of the treaties set forth a private right of action on which the plaintiff can base her lawsuit. The vague allegation that these treaties exist should not be referenced by the Plaintiff at trial pursuant to Federal Rules of Civil Procedure 401, 402, and 403.

## II. ARGUMENT

The ratification by the United States of treaties with other countries recognizing that torture and cruel and inhuman treatment toward individuals, whether they be prisoners of war, pretrial detainees, or political prisoners is not relevant to the instant issue before the Court and the jury: whether Plaintiff Morales' constitutional rights were violated by the Sheriff's personnel when her baby was delivered at Stoger hospital. Therefore, although by ratifying these treaties the United States has bound itself as a matter of international law, no private right of action was created as part of those enactments.

As an initial and practical matter, Plaintiff fails to quote or reference the particular portion of the two treaties she maintains set forth the law regarding the "restraining policy" as alleged in the Amended Complaint. Consequently, any reference to the *"Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment,"* and/or the

"*International Covenant on Civil and Political Rights*" (hereinafter the ICCPR) without having fleshed out what part of the treaty and the foundation for the treating having been included, would be irrelevant under federal Rule of Evidence 402. The existence of these treaties will not shed light on whether the facts necessary to establish a constitutional violation were met here, or whether it is more likely than not that the allegations in the Amended Complaint are true.

Moreover, the mention of the existence of federal treaties is likely to increase the potential prejudice to the defendants. That is, the jury may think that because these treaties have been referenced, that they must be relevant and that they should find a constitutional right was violated. Based on the potential prejudice, the information should be excluded from the jury pursuant to FRE 403.

Another reason that the treaties reference in the Amended Complaint are not relevant is that there is no private right of action for these treaties. In *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004) the United State's Supreme Court stated that the ICCPR was not self- executing and "did not create obligations enforceable in the federal courts." *Id.* at 734. Moreover, 42 U.S.C Seciton 1983 is not a separate source of a grant of substantive rights, but rather only an instrument for vindicating a source of federal rights conferred for the "deprivation under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and the laws of the United States." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997).

### III. CONCLUSION

Based on the foregoing, the reference at trial to the existence of these treaties would not be relevant to the issues in the case. Moreover, the inclusion of any language regarding these international treaties would only serve to confuse the jury and, more likely than not prejudice the defendant, by suggesting that there was some other code besides the United State's Constitution

that was violated.

**WHEREFORE**, based upon the foregoing, Defendant, Thomas Dart, Sheriff of Cook County, requests that this Court enter an order barring Plaintiff from referencing the "Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment," and/or the "International Covenant on Civil and Political Rights" at the trial in this case.

                Respectfully Submitted,

                ANITA ALVAREZ
                State's Attorney of Cook County
By:   /s/ Maureen O. Hannon
                Assistant State's Attorney
                Conflicts Counsel Unit
                69 W. Washington, 20th floor
                Chicago, Illinois 60602
                (312) 603-1424